## Chicago & Alton R. R. Co. v. H. A. Swadener.

1. DAMAGES—*When $300 is Excessive.*—A person attempted to ride upon a freight train from Williamsville to Springfield without a ticket; the conductor told him that he must procure a ticket at Sherman, an intermediate station, to Springfield, and also one back to Williamsville. He left the train at Sherman; he did not buy a ticket to Springfield and refused to buy one back to Williamsville, after being repeatedly requested so to do. As he started up the track, in a different direction, the conductor halted him and snatched his valise from him with the remark, "You are trying to beat me out of a fare from Williamsville to Sherman and you can't do it." A verdict of $300 was held to be grossly excessive.

**Action in Case.**—Assault. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

PATTON, HAMILTON & PATTON, attorneys for appellant.

JAMES E. DOWLING and ROBERT H. PATTON, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee recovered a judgment of $300 against appellant in a suit for damages for an alleged assault of the conductor of a freight train on which appellee had taken passage.

From the evidence in the record, it appears that appellee desired to take passage on appellant's railroad from Williamsville to Springfield. He entered the caboose of a freight train at Williamsville without a ticket. He claims that he did not procure a ticket because he appeared three times at the window of the ticket-office and found no agent there from whom to buy a ticket. When he tendered cash fare to the conductor he was told by him that he did not have a cash schedule and that he (appellee) should procure, at the next station, Sherman, a ticket from Sherman to Springfield, and also one from Sherman to Williamsville, and he would thereby save the extra charge of ten cents imposed upon a passenger without a ticket. Appellee took back the money handed to the conductor, and taking his valise, left the train at Sherman. He did not buy a ticket to Springfield, however, and refused to buy one to Williamsville, after being repeatedly requested so to do. When he started up the track, in a different direction from the depot, the conductor halted him and snatched his valise from him with the remark, " You are trying to beat me out of a fare from Williamsville to Sherman, and you can't do it." The valise has never been returned to appellee.

The verdict of the jury is not justified by the evidence. The damages claimed in the declaration are for the wrong-

ful taking of the valise and the assault at Sherman. If appellee left the train at Sherman with no intention of returning, he ceased to be a passenger, and appellant was not liable for an assault of the conductor. If his intention was to return, after buying a ticket to Springfield, his relation as passenger continued; but the damages awarded by the jury are grossly excessive. If liable at all, appellant is liable only for the value of the grip taken. Appellee testified that the conductor pushed him against a truck and injured him. He was the only witness who testified to any such act of violence. He is squarely contradicted by two of his own witnesses and every other witness testifying on that point.

It is contended that appellee is entitled to the damages awarded because of the humiliation to which he was subjected. The conduct of appellee does not impress us with the idea that he was capable of a very deep sense of humiliation; but if he was humiliated, it was due to his own stubbornness rather than to any fault of the conductor.

The judgment will be reversed and the cause remanded.